**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **DONNA PLOTZ, et al.,** *Individually, and on behalf of all others similarly situated and as class representatives,* | : : : : |
| **Plaintiffs,** | : : **OPINION AND ORDER** |
| - against - | : : **98 Civ. 8860 (RLE)** |
| **NYAT MAINTENANCE CORP., et al.,** | : : |
| **Defendants.** | : |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs Donna Plotz, Elliot Kelly, Douglas Malfitano and Ronald Smith, individually,

and on behalf of others similarly situated, commenced this action against defendants NYAT

Maintenance Corporation and New York Apple Tours, Inc. (collectively, "defendants") on

December 15, 1998, alleging violations of the Fair Labor Standards Act and New York Labor

Law. Before the Court is plaintiffs' application to distribute remaining class settlement funds as

a charitable donation to a *cy pres* designee. Since defendants join in plaintiffs' request for a *cy

pres* distribution of the residual funds, the application is unopposed. For the reasons which

follow, plaintiffs' request is **GRANTED**.

## II. BACKGROUND

This case began as a class action on behalf of 700 persons employed as tour guides and

bus drivers by defendants during the period of December 15, 1992, to April 1, 1999. By

Stipulation of Settlement, dated November 9, 2001, the parties reached a settlement amount of

$750,000. On January 4, 2002, this Court approved the settlement, which created a fund to be

divided among eligible claimants.  After making the appropriate payment to class members

pursuant to the terms of the settlement agreement, a balance of $43,772.65 remains in the

settlement fund.  This balance is derived from undeposited settlement checks, and money

remaining from a contingency fund.

Plaintiffs, by letter dated January 24, 2006, and defendants, by letter dated January 27,

2006, consent, pursuant to 28 U.S.C. § 636(c), to have the Court resolve all remaining

proceedings in this matter, including the resolution of the distribution of the residual class

settlement funds.

### III. DISCUSSION

Class counsel maintains that a *pro rata* distribution of the residual funds is inappropriate

because it would result in checks for approximately $62 per person – before deduction of taxes

and administrative costs.  It contends that there are substantial costs associated with

administering a new distribution, including the payment of professional accounting fees to file

tax-related documents with various agencies.  It also argues that administering a new distribution

is particularly difficult because the class mailing list is from 1998.  In light of the difficulties and

costs associated with administering a new distribution to the class members, counsel for both

parties ask the Court to authorize a donation of the remaining settlement funds to a *cy pres*

designee.

The Court has broad discretion and equitable powers to permit the use of *cy pres*

principles to distribute unclaimed class settlement funds when, as in this case, class members

may be difficult to locate, and where notification and distribution would be costly, and the check

class members receive would be for a minimal amount.  ***See* Jones v. Nat'l Distillers,** 56 F.

Supp. 2d 355, 359 (S.D.N.Y. 1999). "Use of funds for purposes closely related to their origin is

. . . the best cy pres application." **Fears v. Wilhelmina Model Agency, Inc.**, 2005 WL 1041134,

at *11 (S.D.N.Y. May 5, 2005). Unclaimed settlement funds may be distributed for a purpose as

near as possible to the legitimate objectives underlying the lawsuit, the interests of class members

and those similarly situated. **In re Holocaust Victim Assets Litigation**, 424 F.3d 132, 141 n.10

(2d. Cir. 2005); *see also* **Schwab v. Philip Morris USA, Inc.**, 2005 U.S. Dist. LEXIS 27469, at

*9 (E.D.N.Y Nov. 14, 2005). The Court may direct that residual funds be distributed to a

reputable charity or public service organization. *See* **Jones**, 56 F. Supp. 2d at 359 (S.D.N.Y.

1999).

The distribution preference of class counsel should be entitled to deference when it is the

only entity with a meaningful and equitable interest in the remaining funds, especially where the

designated recipient is a legitimate and appropriate organization. **Jones,** 56 F. Supp. 2d at 359.

Class counsel has designated two organizations that advocate on behalf of workers-rights to

receive the proceeds of the remaining settlement funds: the National Employment Law Project

("NELP"), and the Workplace Project.[1]

NELP was founded in 1969 in New York City, and engages in litigation and policy

advocacy on behalf of low-wage workers, indigent and unemployed persons, and other groups

that face significant barriers to employment and government systems of support. NELP supports

the enforcement of employment laws, and advocates for worker organizing, and employment

---

[1] Class counsel provided the Court with information regarding the mission and work of NELP and the Workplace Project. The Court has also researched the organizations, and reviewed material available via the internet.

opportunities and benefits. Class counsel asks the Court to make a *cy pres* donation to NELP in the amount of $40,000.

The Workplace Project is a nonprofit organization founded in 1992 in Hempstead, New York. It organizes low-wage immigrant workers, and supports community education, development of worker-owned cooperatives, leadership training, and labor-related legal advocacy. It has committees dedicated to day labor, factory, building maintenance, and domestic work. Counsel asks the Court to make a *cy pres* donation to the Workplace Project in the amount of $3,772.65.

In light of their mission, the Court finds that these workers-rights organizations are aligned and closely related to the objectives underlying this litigation. Since residual class funds remain after class members were provided with an opportunity to deposit and claim their distribution, the Court finds that a charitable donation to these organizations as *cy pres* designees is proper and appropriate.

## IV. CONCLUSION

For the foregoing reasons, class counsel's request to make a *cy pres* donation to NELP for $40,000, and to the Workplace Project for $3,772.65 is hereby **GRANTED**.

**SO ORDERED this 6th day of February 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

4